**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHARLES GIGER, | ) | Chapter 12 |
| | ) | |
| Debtor | ) | Case No. 12-11371 LHK |

## ORDER ON CHAPTER 7 TRUSTEE'S APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE

This chapter 12 case began as a voluntary chapter 7. Anthony J. Manhart, Esquire, was appointed interim chapter 7 trustee. He seeks an award of compensation in the amount of $3,750.00 for services rendered by him as interim trustee in the chapter 7 case prior to the conversion. The award is to be paid as an administrative expense under the debtor's chapter 12 plan. Mr. Manhart relies upon 11 U.S.C. §§ 330(a) and 503(b)(2) as authority for his proposal. The debtor and the chapter 12 trustee have consented to his request and the proposed award is reflected in the debtor's plan. The plan, which proposes a 100% distribution, has not been confirmed. The hearing on confirmation and two objections unrelated to the present application will occur on January 9, 2014. At that time the court will also hear the chapter 12 trustee's motion to dismiss which alleges that the debtor has failed to attend five § 341 meetings and also failed to make any payments under the plan.

Mr. Manhart acknowledges that there is no specific statutory authority for the award he seeks. His claim is based upon equity. His argument is that his investigation at the inception of the case gave rise to the conversion and the 100% plan. Apparently, after several hours of labor, Mr. Manhart informed the debtor that his fishing boat, which the Debtor had claimed exempt to the extent of $142,847.58 ($226,500.00 value less secured claim of $83,652.42), was not exempt property. Thus, according to Mr. Manhart, unless the debtor converted his case to chapter 12,

the fishing boat would be sold for the benefit of the estate and its creditors. On that information, the debtor converted the case to chapter 12. For this good deed, the chapter 12 trustee and the debtor are willing to pay Mr. Manhart $3,750.00. This amount is said by all to be less than the statutory commission Mr. Manhart might have received under 11 U.S.C. § 326(a) if the chapter 7 case had gone full term.

I have reviewed the authorities offered by the chapter 12 trustee and Mr. Manhart and have not been persuaded that there is any statutory or equitable basis for the proposed award. Thus, even with the agreement of the parties, I am not inclined to order that Mr. Manhart be awarded an administrative expense claim subject to mandatory payment under 11 U.S.C. § 1222(a)(2). Further, there appears to be no basis for allowing the request as a discretionary plan provision under § 1222(b). Therefore, Mr. Manhart's application is **DENIED**.

Nothing in this order shall prevent the debtor from delivering his written consent to the chapter 12 trustee allowing the chapter 12 trustee to pay $3,750.00 to Mr. Manhart upon the conclusion of this case after all other allowed expenses, claims and charges have been satisfied in full before any surplus funds are returned to the debtor. The debtor may adjust his plan payments accordingly. **SO ORDERED**.

Dated: November 26, 2013

_____
Louis H. Kornreich, Chief Judge
U. S. Bankruptcy Court