UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:                          )
                                )
CHARLES GIGER,                  )        Chapter 12
                                )        Case No. 12-11371 LHK
             Debtor,            )

### DECISION AND ORDER DENYING "FORMER CHAPTER 7 TRUSTEE'S MOTION FOR RELIEF FROM ORDER/OR TO ALTER OR AMEND ORDER"

Anthony Manhart, the former chapter 7 trustee, moves to alter or amend the order denying his request for compensation. His motion is denied.[1]

Charles Giger is a lobsterman. He commenced this case under chapter 7 of the Bankruptcy Code.[2] Early on, Manhart determined that Giger's boat did not qualify as exempt property under Maine law.[3] To prevent the sale of his boat and the loss of his livelihood, Giger converted his case to chapter 12.[4] Manhart's service as chapter 7 trustee terminated upon the conversion.[5] Peter Fessenden became the chapter 12 trustee.[6]

---

[1] This order is issued without hearing pursuant to D. Me. Local Bankruptcy Rule 9013-1(h).

[2] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended ("the Bankruptcy Code").

[3] A debtor who is a Maine resident may opt for exemptions under state law. See 11 U.S.C. § 522(b)(2); 14 M.R.S.A. § 4426. Manhart determined that Giger's lobster boat was not exempt because it exceeded the "5 tons burden" allowed under Maine law. Giger's current plan shows a claim against in the amount of $83,074.52 secured by the boat, traps and equipment. Manhart had determined the value of the boat to be in excess of $140,000.00.

[4] Chapter 12 allows for the adjustment of debts of a family farmer or fisherman with regular annual income. See 11 U.S.C. § 1201, et. seq.

[5] See 11 U.S.C. § 348(e).

[6] The chapter 12 has not been smooth sailing. Fessenden brought a motion to dismiss stating that Giger had made no plan payments and had failed to appear at five scheduled § 341 meetings. The hearings on Fessenden's motion and Giger's third plan occurred on January 9, 2014. Those hearings

Manhart then asked the court to award him an administrative expense claim for his services as chapter 7 trustee.[7] Giger placed Manhart's compensation as a *faite accompli* in the second iteration of his 100% plan. Manhart set his request for hearing and served it upon parties-in-interest. No one objected. Fessenden and Giger's counsel appeared at the hearing and supported Manhart. No evidence was offered. In response to my expressions of doubt, Manhart and Fessenden filed supplemental memoranda.

Fessenden's primary argument was that I could allow this award without judicial scrutiny, despite "[t]he admonition of the Supreme Court in *Espinosa*" because he and Giger had given their consent and non-objecting parties would not be harmed.[8] I concluded otherwise for several reasons: (1) A request for an award of compensation under § 330(a) invites judicial discretion.[9] (2) When, as under Giger's second plan,[10] a request is made in connection with a plan, additional scrutiny is required as a condition of confirmation.[11] (3) If Manhart's request is

---

were continued by agreement to give Giger an opportunity to make plan payments.

[7] Manhart's initial request was for $3750. Later, in his supplemental brief, he expressed a willingness to accept lesser amounts; $3064.66 under the so-called "constructive disbursement theory"; or $578.00 based upon 3.4 hours at his hourly rate of $170.00.

[8] Fessenden was referring to United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). The admonition is: "Section 1325(a) does more than codify this principle, it *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue." Id. at 277, n. 14. Section 1325(a) is the chapter 13 equivalent of § 1225(a).

[9] In pertinent part, § 330(a)(1) states, "[a]fter notice to parties in interest and the United States Trustee and a hearing, and *subject to sections 326*, 328, and 329, *the court may award to a trustee* . . . for reasonable compensation for actual, necessary services . . . . " 11 U.S.C. § 330(a)(1)(emphasis added).

[10] The current plan is Giger's third attempt at confirmation. It was filed after I denied Manhart's request for compensation and proposes no distribution to Manhart. Giger's second plan, which proposed to pay Manhart an administrative expense claim in the amount of $3750, was withdrawn after I denied Manhart's request. Giger's original plan proposed that Manhart be paid $2500.

[11] See 11U.S.C. § 1225(a)(1).

allowed, he will be paid ahead of general creditors.[12]  Confirmation may be denied.  If so, Giger would be entitled to a refund of payments made.  In such event, that refund would be reduced by the balance due Manhart.[13]  Similarly, if the case is converted or dismissed, Manhart would be entitled to keep whatever he had received.[14]  Manhart would not have been entitled to such up-front payments if the chapter 7 had gone full term.  (4)  The agreement of the parties did not cover any sharing arrangement between Manhart and Fessenden, leading me to assume that each was to be paid in full.[15]  (5)  Non-professionals have difficulty understanding why the priorities favor trustees, lawyers and other professionals in bankruptcy cases.  For this reason alone, any attempt to stretch those priorities should be examined.

Manhart said his request was for reasonable compensation for actual, necessary services under § 330(a) and, thus, it should be allowed on the consent of the parties as an administrative expense under § 503(b)(2).[16]  However his primary contention, that equities permit an award in some amount, goes beyond the plain language of § 330(a).

Section 330(a) is subject to §§ 326, 328 and 329.[17]  Sections 328 and 329 are not

---

[12]  See 11 U.S.C. §§ 507(a)(2) and 1226(a) and (b)(1).

[13]  See 11 U.S.C. § 1226(a).

[14]  See 11 U.S.C. §§ 348(d) and 349.

[15]  At the hearing, Fessenden mentioned, off-hand, that the law may require that he and Manhart share an aggregate compensation. Yet, despite his concern, neither party addressed the issue of aggregate compensation in his supplemental brief.  I made my decision on what was before me.

[16]  Section 503(b) provides: "After notice and a hearing, there shall be allowed administrative expenses . . . including . . . (2) compensation and reimbursement awarded under section 330(a)."  This language is compulsory because the exercise of judicial discretion is presumed to have occurred when compensation is awarded under § 330(a).

[17]  In pertinent part, § 330(a)(1) provides:

3

implicated here. Section 326(a) limits the court's discretion in determining what is reasonable compensation for trustees who provide services under chapter 7.[18] It fixes the maximum award a court may give a trustee according to a sliding scale. This scale relates solely to "moneys disbursed or turned over." Other factors like effort and efficiency may come into play as downward adjustments,[19] but the plain meaning of the statute provides that no compensation under §§ 326(a) and 330(a) may be awarded unless and until moneys are distributed to creditors. See Pritchard v. U. S. Trustee (In the Matter of England), 153 F.3d 232, 235 (5th Cir. 1998), In the Matter of Celano, 2001 WL 1586778 at 3 (E.D. La. 2001); In re Silvus, 329 B.R. 193, 214 (Bankr. E. D. Va. 2005); In re Evans, 344 B.R. 440, 454 (Bankr. W. D. Va. 2004); In re Murphy, 272 B.R. 483, 485 (Bankr. D. Colo. 2002); In re Fischer, 210 B.R. 467, 469 (Bankr. D. Minn. 1997).

This leaves former trustees in converted cases out in the cold. To surmount the plain meaning of §§ 326(a) and 330(a), Manhart cited several cases with outcomes in his favor. These

---

After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . . (A) reasonable compensation for actual, necessary services rendered by the trustee . . . .

[18] In pertinent part, 11 U.S.C. § 326(a) provides:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed . . . upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

[19] "'[A]bsent extraordinary services, chapter 7, 12 and 13 trustee fees should be presumed reasonable if they are requested at the statutory rate.'" In re Trask, 2013 WL 1397332 (Bankr. D. Me. 2013)(quoting Hopkins v. Asset Acceptance LLC (In re Salgado-Nava), 473 B.R. 911, 921 (9th Cir. BAP 2012).

4

decisions allowed former trustees to be paid on equitable grounds for policy reasons.[20]  See In re Pivinski, 366 B.R.285, 290 (Bankr.D.Del. 2007)(quantum meruit);[21] In re Pancoastal, Inc., 104 B.R.656, 659 (Bankr.D.Del. 1999)(same); In re Berry, 166 B.R.932, 935 (Bankr.D.Or 1994)(application of the § 326(a) formula to plan payments); In re Hages, 252 B.R. 789, 799 (Bankr. N.D.Cal. 2000)(same); In re Coburn 231 B.R.778, 783 (Bankr.D.Or. 1999)(§ 326(a) does not apply in a converted case).

I was not persuaded.  Dissentient policy concerns should not matter when the language of a statute is plain.  See Lomas Mortgage, Inc. v. Louis, 82 F.3d 1, 4 (1st Cir. 1996); Mosquera-Perez v. I.N.S., 3 F.3d 553, 555 (1st Cir. 1993).  The rules of construction serve to dampen a judge's temptation to legislate a favorable result when the obligatory one is unkind;[22]  or when a statute is silent.[23]  Here an award under §§ 326(a) and 330(a) is linked to "moneys distributed" by the trustee seeking compensation.  This objective, results-based approach excludes former

---

[20] The policy reasons offered include:  avoiding perverse incentive, discouraging the concealment of assets, encouraging a trustee's diligent discovery of assets, fundamental fairness, encouraging trustees to undertake efforts on behalf of the estate, and not penalizing diligent former chapter 7 trustees.

[21] In this jurisdiction, *"[q]uantum meruit,* sometimes labeled 'contract implied in fact,' involves recovery for services or materials provided under an implied contract." See Paffhausen v. Balano, 708 A2d 269, 271 (Me. 1998).  It rests on a contract inferred from the conduct of the parties. Id.  Quantum meruit does not apply to Manhart's bid for compensation because no contract may be inferred from the conduct of the parties.  There was no bargain in fact between Manhart and Giger; nor was there one between Manhart and the chapter 12 estate.  Manhart's conclusion that the lobster boat was non-exempt property occurred as an exercise of his statutory duties.  Moreover, he held no sway, beyond his right to appear and be heard, in the matter of Giger's conversion.

[22] Consider this:  What if Giger had pressed his entitlement to an exemption and, for policy reasons, I had concluded that the Maine legislature never intended to deprive a hard working lobsterman like him of a boat exceeding 5-tons burden?

[23] See Lamie v. U.S. Trustee, 540 U.S. 526, 538 (2004)("'There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted.'" (quoting Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625 (1978))).

5

chapter 7 trustees because they do not make distributions.

Accordingly, I denied Manhart's request for compensation.

Before me now is Manhart's motion to alter or amend under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(6).[24] His motion begins with an abbreviated recital of the proper criteria to be employed under each rule; namely, a showing of a manifest error of law or newly discovered evidence under Rule 59(e), and a showing of exceptional circumstances under Rule 60(b)(6). But Manhart offers no guidance on how those standards are to be applied here. Because he presents no newly discovered evidence and offers no exceptional circumstances, I will treat his motion as a request to determine that my prior order was based upon a manifest error of law.

Manhart's first point is that I wrongly said he "acknowledges that there is no statutory authority for the award he seeks." It is true that Manhart gave §§ 330(a) and 503(b)(2) as the bases for his request. But every decision he cited in support of compensation was premised upon something other than the plain language of the statute. Because it makes no difference, I will concede the point and say that he relied upon those statutes.

His second point is that § 326(a) acts merely as a cap on compensation. I disagree for the reasons stated above.

His third point is that no one disputed that he had provided actual, necessary services or said that the award he sought was unreasonable. True. Nonetheless, as explained above, the statute does not provide for compensation under these circumstances. So any award would be unreasonable, even one for actual, necessary services. That said, to avoid the need for an evidentiary hearing, I find and conclude that Manhart provided actual, necessary services.

---

[24] These rules are applicable in bankruptcy cases under Fed. R. Bankr. P. 9023 and Fed. R. Bankr. P. 9024.

6

On the ultimate question, my view is unchanged.  For the reasons stated above, Manhart is not entitled to an award of compensation.  A manifest error of law is "'[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Venegas-Hernandez v. Sonolux Records, 37 F.3d 183, 195 (1st Cir. 2004)(quoting Black's Law Dictionary p. 593 (7th ed. 1999)).  There are decisions going both ways.  In the absence of a decision from the First Circuit, or compelling reasons, choosing one path over the other is not manifest error.

The former chapter 7 trustee's motion to alter or amend is **DENIED**.

DATED:  January 15, 2014

_____
Louis H. Kornreich, Chief Judge
U. S. Bankruptcy Court